McKinney, J.,
delivered the opinion of the court.
This is an appeal in error, from .a judgment of the circuit court of Williamson, quashing an execution issued by a justice of the peace, in favor of the plaintiff against the defendant, Hawkins and others.
On the 25th of May, 1853, Thomas Carmichael, the plaintiff in error, obtained a judgment, by confession, against B. T. King and T. W. Mathews, for two hundred and eighty dollars, before John Nolen, one of the justices of Williamson county. At the time said judgment was rendered, it was agreed between the parties that the defendants should give security for the stay of execution. The justice kept his office in the store of William Carmichael, in Nolensville: and it is proved by said Carmichael, that within two days from the rendition of said judgment, the defendant, Hawkins, called at the store, “and requested to stay execution” on the *407 'above mentioned judgment, and the witness banded the justice’s docket book to said Hawkins, who . “ wrote his name as stayor -opposite the judgment,” said justice npt being present.
The justice proves, that within the time allowed for staying executions, he saw the name of Hawkins written upon his docket as security for the stay; and that knowing it to be in the hand-writing of Hawkins, “he took it as stay of said execution.”
That his', habit was, when persons • appeared before him to become security for the stay of execution, to require them to write their names as stayors opposite the judgment, on his docket -book. That Hawkins had frequently, on former occasions, become stayor by writing his name in the same manner upon the docket book of said justice.
On the 20th of February, 1854, an execution was issued upon said judgment, against the defendants King and Mathews, and said Hawkins as stayor, which was levied by the officer on the personal goods of the. defendant, Hawkins, who thereupon obtained a certiorari to remove said execution into the circuit court, to the end, that the same might be superseded and quashed. And on the hearing, at the July term, 1854, the motion entered to quash said execution was sustained bj the court, and judgment rendered in favor of the defendant.
The petition of Hawkins admits, and the proof clearly establishes, that the act of signing his name on the justice’s docket, was done with the specific intention, and for the sole purpose -of binding himself as surety *408 for the stay of execution on the particular judgment before mentioned.
The case is free, therefore, from all the perplexing questions ordinarily presented in this class of cases. We have absolute certainty as to the intention of the party to become bound as stayor, and as to the identity of the judgment on -which execution was to be stayed. And the question is, whether by reason of the absence of the justice and want of his concurrence at the time, the act of Hawkins in signing his name as stayor was inoperative, and is to be treated as a nullity.
There are several modes in which a person may render himself liable as surety for the stay of execution. It is not necessary, in all cases, that the undertaking of the stayor should be by an acknowledgment, in proper person, made in the presence of the justice. It may be, in the absence of the person offering himself as surety, by a writing signed by him, sufficiently descriptive of the judgment on which execution is to be stayed. The essence of the thing is, the clearly manifested intention of the party to become bound as stayor in the particular case, on the one hand, and the acceptance by the justice of such person as surety for the stay of execution on the other.
What, then, is the legal import and effect, of the act of Hawkins, in writing his name on the justice’s docket as stayor of the execution? It certainly must be regarded as equivalent to an express declaration of his consent and agreement to become bound as surety for the stay of execution on that particular judgment. This is necessarily implied in the act of placing his name on the docket as stayor. The case, in principle, is *409 precisely the same, in onr view, as if Hawkins, in the absence of the justice, had left at his office a sufficient written authority to him, to sign his (Hawkins’) name as surety for the stay.
True, in the latter case, an act is to be performed by the justice — the signing of the stayor’s name upon the docket, pursuant to the authority. But this does not vary the principle; because, in the former case, the acceptance of the stayor, and the adoption of his signature, already placed by himself upon the docket, and known to be genuine, is, in legal effect, equivalent to a signing by the justice of the name of the stayor, in the latter case.
We are of the opinion, therefore, that the circuit court erred in quashing the execution; and the judgment will be reversed, the petition and certiorari be dismissed, and a procedendo will be issued to the justice.